{¶ 40} I respectfully dissent.
 {¶ 41} There is no statutory support for an action merely to ratify an acknowledgment of paternity or an administrative order finding paternity. In fact, R.C. 3111.25 provides that no such court ratification is necessary and such determinations of paternity are enforceable without ratification. As such, I believe that the court has no jurisdiction to affirm or ratify an acknowledgment.
 {¶ 42} With regard to child support orders, "[o]nce an acknowledgment of paternity becomes final * * *, the mother * * * of the child * * * may request that an administrative officer of a child support enforcement agency issue an administrative order for the payment of child *Page 15 
support pursuant to section R.C. 3111.81 of the Revised Code." R.C.3111.29. Further, if "a request for issuance of an administrative support order is made * * * or an administrative officer issues an administrative order determining the existence of a parent child relationship under section 3111.46 of the Revised Code, the administrative officer shall schedule an administrative hearing to determine * * * the amount of child support any parent is required to pay, the method of payment of child support, and the method of providing for the child's health care." R.C. 3111.80.
 {¶ 43} Following the issuance of an administrative child support order, the mother and father subject to the order can object to it "by bringing an action for the payment of support and provision for the child's health care under section 2151.231 of the Revised Code* * *." The action under R.C. 2151.231 must be "brought not later than thirty days after the date of the issuance of the administrative support order[,]" and thereafter, if not appealed, "the administrative support order is final and enforceable by a court and may be modified only as provided in Chapters 3119., 3121., and 2123. of the Revised Code." RC.3111.84.
 {¶ 44} Here, the administrative support order regarding Kyleigh was issued July 14, 2003. The administrative support order regarding Brian, Jr., was issued May 12, 2004. The ACCSEA admitted that no appeal or *Page 16 
objections to those orders were ever made. As such, those orders are final orders, and as such, may be modified only as provided by statute.Id.
 {¶ 45} ACCSEA asserts, however, that its action is permitted pursuant to R.C. 3111.04, which provides that "[a]n action to determine the existence or nonexistence of the father and child relationship may be brought by * * * the child support enforcement agency of the county in which the child resides if the child's mother, father or alleged father is a recipient of public assistance or of services under Title IV-D of the "Social Security Act" * * *." Further, ACCSEA further asserts that it is entitled to request birthing costs pursuant to R.C. 3111.13(C), which states that a paternity judgment order issued by a court determining the existence of a parent/child relationship, "may contain * * * the payment of all or any part of the reasonable expenses of the mother's pregnancy and confinement."
 {¶ 46} The problem with the ACCSEA's complaint is that this is not "[a]n action to determine the existence or nonexistence of the father and child relationship * * *." The parent child relationship was already established by virtue of acknowledgments of paternity and also pursuant to administrative determinations. Those acknowledgments and/or administrative determinations have since become final because neither party has preserved their objections under R.C. Chapter 3111 by filing an action *Page 17 
under R.C. 2151.231 within thirty days.
 {¶ 47} Further, R.C. 3111.13(C) does not apply in this case because, again, the court has no authority at this point to issue an order determining the existence of a parent child relationship because such a relationship has been determined conclusively by acknowledgment and/or administrative order. See, also, State ex rel. Summit Dept. of HumanServices v. Paynther (Nov. 30, 1994), Summit App. No. 16657 (holding that "Section 3111.13(C) of the Ohio Revised Code does not contain a similar provision of authority to a juvenile court to award child support following the acknowledgment of paternity"). As such, the court had no jurisdiction to consider ACCSEA's complaint under R.C. Chapter 3111.
 {¶ 48} With regard to the support order requested by ACCSEA, the court had no jurisdiction to do that either under R.C. 3111. As set forth above, once an administrative support order becomes final and enforceable it "may be modified only as provided in Chapters 3119., 3121., and 3123. of the Revised Code." Here, the administrative support order was final by virtue of R.C. 3111.84. Thus, ACCSEA cannot now request a new order in the court under Chapter 3111, because once it became final under R.C. 3111.84, it could only be modified under R.C. Chapters 3119, 3121 and 3123. *Page 18 
 {¶ 49} Finally, the court also awarded the ACCSEA arrears. However, the ACCSEA never requested such relief in either complaint. OAC 5101:12-50-50 specifically sets forth judicial enforcement actions that the ACCSEA can pursue, and R.C. Chapter 3111 states nothing about a CSEA's ability to enforce a support order under that chapter, and nothing in that section authorizes this action.
 {¶ 50} As such, in my view, this action should have been dismissed for lack of subject matter jurisdiction. Accordingly, I dissent. *Page 19 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Concurs in Judgment Only.
Kline, J. Dissents with Dissenting Opinion. *Page 1